IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

DAVID VAN ELZEN, )
)
        Plaintiff, )
)
v. )
)
HALSTED FINANCIAL SERVICES, )
LLC. and )
PRAN NAVANANDAN, )
)
        Defendants. )

## COMPLAINT

NOW COMES the Plaintiff, DAVID VAN ELZEN, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendants, HALSTED FINANCIAL SERVICES, LLC. and PRAN NAVANANDAN, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DAVID VAN ELZEN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Appleton, County of Outagamie, State of Wisconsin.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Check Advance (hereinafter, "the Debt").

6. The Debt was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. HALSTED FINANCIAL SERVICES, LLC., (hereinafter, "Halsted") is a business entity engaged in the collection of debt within the State of Wisconsin. Halsted is registered as a limited liability company in the State of Illinois.

9. The principal purpose of Halsted's business is the collection of debts allegedly owed to third parties.

10. Halsted regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Halsted sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Halsted acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Halsted acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

14. Defendant, PRAN NAVANANDAN, (hereinafter "Navanandan") is an individual who, upon information and belief, was at all relevant times residing in the State of Illinois.

15. Upon information and belief, at all relevant times, Navanandan was acting as an Owner, Officer, Director, Manager and/or agent of Halsted.

16. Upon information and belief, at all relevant times, Navanandan was vested with the responsibility to manage Halsted.

17. Upon information and belief, at all relevant times, Navanandan was responsible for the management and/or affairs of Halsted.

18. Upon information and belief, at all relevant times, Navanandan was responsible for the day to day operations of Halsted.

19. Upon information and belief, at all relevant times, Navanandan was responsible for the supervision of Halsted's employees, agents and/or representatives that were attempting to collect debts.

20. Upon information and belief, at all relevant times, Navanandan was responsible for the management of Halsted's employees, agents and/or representatives that were attempting to collect debts.

21. As such, at all relevant times, Navanandan acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

#### COUNT I:
#### DAVID VAN ELZEN v. HALSTED FINANCIAL SERVICES, LLC

22. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

23. In or around May 2011, Halsted initiated a telephone call to Plaintiff in an attempt to collect the Debt.

24. At the time Halsted initiated the telephone call to Plaintiff, as delineated above, Halsted left Plaintiff a voicemail message in an attempt to collect the Debt.

25. Plaintiff heard the voicemail message left for him by Halsted.

26. The voicemail message Halsted left for Plaintiff was Halsted's initial communication with Plaintiff relative to the Debt.

27. During the course of the voicemail message Halsted left for Plaintiff, as delineated above, Halsted stated that Plaintiff had twenty-four (24) hours to respond to Halsted.

28. Halsted further stated that if Plaintiff did not respond to Halsted within twenty-four (24) hours then the matter would be escalated.

29. At no time during the course of the voicemail message Halsted left for Plaintiff, did Halsted state that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

30. Halsted's representations to Plaintiff during the aforesaid voicemail message that Plaintiff had twenty-four (24) hours to respond to Halsted or the matter would be escalated had the effect of conveying to an unsophisticated consumer that if Plaintiff did not contact Halsted within the aforesaid time period then Halsted would immediately proceed with filing a lawsuit against Plaintiff.

31. Plaintiff did not contact Halsted within twenty-four (24) hours of Halsted having left the aforesaid voicemail message.

32. Halsted has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

33. Upon information and belief, at the time of making the aforementioned threat, Halsted had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

34. Upon information and belief, Halsted has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

35. Upon information and belief, at the time of making the aforementioned threat, Halsted had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

36. In or around May 2012, and on multiple occasions therein, Halsted initiated multiple telephone calls to Plaintiff in a further attempt to collect the Debt.

37. During the course of the aforesaid time period, Halsted left multiple voicemail messages for Plaintiff in a further attempt to collect the Debt.

38. Again, at no time during the course of the voicemail messages Halsted left for Plaintiff, did Halsted state that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

39. In or around May 2012, Plaintiff engaged in a telephone conversation with Halsted.

40. During the course of the telephone conversation, Plaintiff requested that Halsted provide him with documentation relative to the Debt.

41. Plaintiff further told Halsted that he had never received any correspondence from Halsted relative to the Debt.

42. Halsted then attempted to confirm Plaintiff's mailing address by providing Plaintiff with the mailing address it had for Plaintiff.

43. Plaintiff told Halsted that the address Halsted had for Plaintiff was incorrect.

44. Plaintiff then provided Halsted with his present mailing address.

5

45. Halsted informed Plaintiff it would send him documentation to the address Plaintiff provided to Halsted.

46. Halsted has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

47. Alternatively, subsequent to the aforesaid telephone call between Plaintiff and Halsted, Halsted was aware that Plaintiff never received correspondence from Halsted, that it allegedly sent to Plaintiff at his previous address.

48. To date, Plaintiff has not received any correspondence from Halsted.

49. Upon information and belief, at no time subsequent to Halsted having been provided with Plaintiff's mailing address did Halsted send correspondence to Plaintiff at the address he provided to Halsted.

50. Halsted's representation to Plaintiff that it would send Plaintiff correspondence to his mailing address was false, deceptive and/or misleading given that, upon information and belief, Halsted did not send any correspondence to Plaintiff after Plaintiff provided Halsted with his mailing address.

51. In its attempts to collect the Debt allegedly owed by Plaintiff, Halsted violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;
>
> b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

6

Case 1:12-cv-00740-WCG   Filed 07/19/12   Page 6 of 9   Document 1

c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

d. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

e. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

52. As a result of Halsted's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DAVID VAN ELZEN, by and through his attorneys, respectfully prays for judgment against, HALSTED FINANCIAL SERVICES, LLC, as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II:
## DAVID VAN ELZEN v. PRAN NAVANANDAN

53. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

54. In its attempts to collect the Debt allegedly owed by Plaintiff, Navanandan violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

7

c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

d. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

e. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

55. As a result of Navanandan's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DAVID VAN ELZEN, by and through his attorneys, respectfully prays for judgment against, PRAN NAVANANDAN, as follows:

    e. All actual compensatory damages suffered;

    f. Statutory damages of $1,000.00;

    g. Plaintiff's attorneys' fees and costs;

    h. Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

56. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**DAVID VAN ELZEN**

By:   s/ David M. Marco
     Attorney for Plaintiff

Dated: July 18, 2012

8

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us